**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| ROBERT HOSSFELD and WES NEWMAN, individually and on behalf of others similarly situated, | Case No.  4:24-mc-142 |
| | Underlying Litigation: |
| Plaintiffs, | Case No. 1:24-cv-02613 |
| v. | United States District Court |
| ALLSTATE INSURANCE COMPANY, | Northern District of Illinois |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ALLSTATE INSURANCE
COMPANY'S OPPOSED MOTION TO COMPEL NON-PARTY BRAINSTORM XX,
LLC D/B/A WWW.ROBOCALLS.CASH TO PRODUCE DOCUMENTS IN
RESPONSE TO ALLSTATE'S SUBPOENA *DUCES TECUM*__**

Defendant Allstate Insurance Company ("Allstate"), pursuant to Rule 45(d)(2)(B)(i) of the

Federal Rules of Civil Procedure, hereby submits this Memorandum of Law in Support of its

Opposed Motion to Compel Non-Party Brainstorm XX, LLC d/b/a www.robocalls.cash to Produce

Documents in Response to Allstate's Subpoena *Duces Tecum*.  Allstate seeks an order from this

Court compelling non-party Brainstorm XX, LLC d/b/a www.robocalls.cash ("Brainstorm") to

comply with Allstate's Rule 45 subpoena to produce documents (the "Subpoena"), which was

issued by the United States District Court for the Northern District of Illinois in the action styled

*Robert Hossfeld and Wes Newman, individually and on behalf of others similarly situated v.*

*Allstate Insurance Company*, Case No. 1:24-CV-02613 (N.D. Ill.) (the "underlying action").  A

copy of the Subpoena and Return of Service are attached hereto as **Composite Exhibit A**.

Brainstorm, a Texas non-party entity to the underlying action, was served with the

Subpoena on August 23, 2024, which specified the time for compliance as September 16, 2024.

To date, Brainstorm has neither produced documents, served timely written objections, nor filed a motion to quash and/or modify the Subpoena as required by Rule 45. Instead, Brainstorm served – but did not file – a Motion to Quash. Even if the Court considers the Motion, it should be denied on the merits. Accordingly, this Court should enter an order: (1) deeming any objections waived as untimely; (2) compelling Brainstorm to produce the requested documents within ten (10) days of the date of the Court's order; and (3) entitling Allstate to an award of its reasonable attorneys' fees and costs incurred as a result of filing this Motion to Compel, pursuant to Rule 37(a)(5), Fed. R. Civ. P. In support thereof, Allstate states as follows.

**<u>ARGUMENT</u>**

### I.    **Legal Standard**

Rule 30 of the Federal Rules of Civil Procedure authorizes a party to a civil action to take discovery from non-parties by serving a subpoena under Rule 45. *See* Fed. R. Civ. P. 30(a)(1). If a non-party fails to comply with a subpoena, the United States District Court for the district where compliance is required may enter an order compelling the non-party to produce the subpoenaed documents. *See* Fed. R. Civ. P. 37(a)(1). Rule 45(d)(2)(B) requires that "'[a] person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested'—and that '[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.'" *MetroPCS v. Thomas,* 327 F.R.D. 600, 606-07 (N.D. Tex. 2018) (quoting Fed. R. Civ. P. 45(d)(2)(B)).

A motion to compel production of documents may be granted against a non-party just the same as it may be granted against a party, and should be granted if the requesting party can

demonstrate that the documents are relevant, material, within a reasonable scope, and do not impose an undue burden or expense on the party subject to the subpoena.  *See* Fed. R. Civ. P. 34(c); Fed. R. Civ. P. 45(d)(1).

"The Court looks to several factors to determine whether a subpoena imposes an undue burden on the party subject to the subpoena, including: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed."  *Bride Ministries, NFP v. DeMaster*, No. 4:20-CV-00402, 2020 WL 7041818, at *1 (E.D. Tex. Dec. 1, 2020) (citing *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 818 (5th Cir. 2004)).  "When a subpoena is issued as a discovery device, relevance for purposes of the undue burden test is measured according to the standard of [Federal Rule of Civil Procedure] 26(b)(1)."  *Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 449 (N.D. Tex. 2015) (citing *Williams v. City of Dallas,* 178 F.R.D. 103, 109 (N.D. Tex. 1998)). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).

II.   **Brainstorm Should Be Compelled to Produce Documents Responsive to Allstate's Subpoena**

A. **The Subpoena is Valid and was Properly Served**

As an initial matter, Allstate's Subpoena satisfies the form and content requirements as set forth in Rule 45(a), as it states the court from which it was issued along with the title of the action and corresponding case number, provides a specified place and time for which to produce the documents requested, and was properly served on Brainstorm on August 23, 2024.  *See* Ex. A. Further, the place of compliance, as set forth in the Subpoena, is less than 100 miles from where Brainstorm resides and regularly conducts business in this District.

Given that Brainstorm was properly served with a valid Subpoena, it was required — but failed — to produce responsive documents, or alternatively, serve written objections or file a motion to quash the subpoena pursuant to Rule 45. *Am. Fed'n of Musicians of the U.S. & Canada v. Skodam Films, L.L.C.*, 313 F.R.D. 39, 46 (N.D. Tex. 2015) ("once properly served with a Rule 45 subpoena, aa non-party is subject to discovery obligation that the subpoena imposes."). Accordingly, the Court should grant this Motion to Compel and order Brainstorm to produce responsive documents.

### B.  The Scope of the Subpoena is Appropriate

The scope of permissible discovery pursuant to a Rule 45 subpoena is as broad as party discovery under Rule 26(b)(1). *Williams v. City of Dallas*, 178 F.R.D. 103, 110 (N.D. Tex. 1998) ("When a subpoena is issued as a discovery device, relevance for purposes of the undue burden test is measured according to the standard of [Federal Rule of Civil Procedure] 26(b)(1)."). Generally speaking, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. … For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  Thus, "'[u]nder the federal discovery rules, any party to a civil action is entitled to all information relevant to the subject matter of the action before the court unless such information is privileged,'" and "[d]iscovery requests are relevant when they seek admissible evidence or evidence that is 'reasonably calculated to lead to the discovery of admissible evidence.'"  *Wiwa*, 392 F.3d at 820 (quoting *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1086 (5th Cir. 1979)).  "Whether [a requesting party's] discovery requests [to a non-party served with a subpoena] are relevant thus turns on whether they are 'reasonably calculated'

4

to lead to evidence admissible as to [its] claims" or defenses against its opponent in the underlying case. *Id*.

Here, the information and documents sought by Allstate in its Subpoena are relevant to the claims and defenses in this action.  Indeed, Robert Hossfeld ("Hossfeld") and Wes Newman ("Newman" and, together with Hossfeld, "Plaintiffs") seek relief on behalf of themselves and a putative class for alleged Telephone Consumer Protection Act ("TCPA") violations based on alleged unsolicited telemarketing calls made by or on behalf of Allstate.  *See* Compl. at ¶¶ 122, 124, 144-149.  The Subpoena is not only limited in temporal scope, it is also narrowly tailored to documents concerning any membership accounts created by and/or held by, Plaintiffs, to include communications in the form of posts, reposts, replies, or other similar postings made by or on behalf of Plaintiffs on the Forum run by, affiliated with, and/or maintained by Brainstorm.  *See* Ex. A.

Upon information and belief, Newman posted on the Forum and, as per unauthenticated screenshots obtained by Allstate's counsel, appears to have engaged in conduct intended to solicit additional calls so that he could manufacture alleged TCPA violations and seek to recover additional damages.  *See* **Exhibit B**, containing screenshots of apparent postings from Newman on the Forum.  Brainstorm's documents are absolutely necessary to both authenticate the posts by Newman on the Forum, and to uncover any additional posts or replies by either of the Plaintiffs.

### C.  Brainstorm's Objections Are Waived

Rule 45 requires the subpoenaed party to timely make objections or move to quash a subpoena, or otherwise it will be deemed to have waived any objections that could have been asserted. *In re Ex Parte Application of Grupo Mexico SAB de CV for an Order to Obtain Discovery for Use in a Foreign Proceeding*, No. 3:14-mc-73-G, 2015 WL 12916415, at *3 (N.D. Tex. Mar. 10, 2015) (explaining a non-party waives objections when it fails to serve timely objections on the

party seeking discovery or to timely file a motion to quash or modify with the court); *MetroPCS*, 327 F.R.D. at 607 (explaining that once served with a subpoena, a person can either serve objections or timely file a motion to quash or modify a subpoena under Rule 45(d)(3)(A)). "'The failure to serve written objections to a subpoena within the time specified by Rule [45(d)(2)(B)] typically constitutes a waiver of such objections,'" as does failing to file a timely motion to quash. *Isenberg,* 661 F. Supp. 2d at 629 ("If Isenberg believed the subpoenas were objectionable, she could have argued that she has a right or privilege in relation to the documents and filed a motion to quash the subpoenas. … Isenberg did not file such a motion and, therefore, waived any objection she could have raised therein." (citations omitted)); *La. Generating, L.L.C. v. Ill. Union Ins. Co.,* Civ. A. No. 10–516–JJB–SCR, 2011 WL 6259052, at *2 (M.D. La. Dec. 14, 2011) ("Courts within the Fifth Circuit have consistently held that failure to serve timely objections to a Rule 45 subpoena generally results in a waiver of all grounds for objection, including privilege." (Footnote citing cases omitted)).

Brainstorm's objections were due on or before September 16, 2024, the time specified in the Subpoena for compliance, which was longer than the 14 days after service as set forth by Rule 45. Brainstorm not only failed to make timely written objections to Allstate's Subpoena, but it also failed to *file* a motion to quash or modify the Subpoena with this Court or with the district Court where the underlying action is pending. Given this failure, this Court should find that Brainstorm has waived any objections that could have been asserted. *Grupo*, 2015 WL 12916415, at *3 (N.D. Tex. Mar. 10, 2015) ("[i]n the majority of cases, a person—whether a traditional party (i.e., a plaintiff or defendant) or a non-party—waives objections if he/she/it fails either to serve timely objections on the party seeking discovery or to file a timely motion with the court").

6

### III.    Brainstorm's Motion to Quash Should be Denied

Allstate maintains that the Court should not consider Brainstorm's Motion to Quash as it was not timely filed with this Court where compliance is required, nor in the underlying action.  In the event that the Court considers the Motion to Quash on the merits, Allstate maintains that it should be denied.  Federal Rule of Civil Procedure 45(d)(3)(A) states that on "timely motion," the court must quash or modify a subpoena if it: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter…; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A) (emphasis added).

"The party seeking to quash the subpoena bears the burden of demonstrating that 'compliance with the subpoena would be unreasonable and oppressive,' or that compliance will lead to disclosing privileged or protected material." *Rotstain v. Trustmark Nat'l Bank*, No. 09-cv-2384, 2020 WL 12968651, at \*4 (N.D. Tex. Mar. 10, 2020).  Here, Brainstorm's Motion to Quash appears to hinge on four arguments: (1) the documents sought can be obtained from the Plaintiffs; (2) the Subpoena is overly broad and unduly burdensome; (3) the Subpoena fails to allow reasonable time to comply; and (4) the Subpoena requires disclosure of trade secret and/or proprietary commercial information.  None of the arguments demonstrate why compliance with the Subpoena would be unreasonable or oppressive or otherwise provides a legitimate basis to deny Allstate the discovery that it is seeking.

### A. Brainstorm Should Produce Documents Even if Plaintiffs Might Also Possess Such Information

Brainstorm attempts to avoid producing documents by arguing that it would be less burdensome to obtain the documents from Plaintiffs.  However, "[t]he fact that [evidence] might be obtained, at least in part, from others has no pertinence because a person may not avoid a

7

subpoena by saying that the evidence sought from him is obtainable from another." *Covey Oil Co. v. Continental Oil Co.*, 340 F.2d 993, 998 (10th Cir. 1965). Even if a party may also possess certain documents – and here there is no confirmation that Plaintiffs are themselves in possession of the requested documents other than Brainstorm's assertion – there is no legal support for allowing Brainstorm to avoid producing the documents requested.

First and foremost, there is no support in the Motion to Quash that the information requested is in fact burdensome or would require any significant amount of effort to collect and produce. Instead, it appears that the information is readily available and would not require substantial time or effort to compile. It is believed that at least one of the Plaintiffs posted on the Forum and gathering any posts or replies from any usernames affiliated with one or both of Plaintiffs would not appear to be burdensome. In the Motion to Quash, Brainstorm states that only one of the two Plaintiffs participated in the forum and it appears that Brainstorm has already identified the user account for Newman. *See* Motion to Quash at 8 ("Mr. Compton has never heard of, done any manner of business with, nor communicated with, in any way, Plaintiff Hossfeld. Mr. Compton has only become aware of Plaintiff Hossfeld as a product of his involvement with this civil action. Moreover, Mr. Compton has no records pertaining to any number for either of the two named Plaintiffs, save for the number established to be that of Mr. Newman, ending in 4523.").

Where, as here, Brainstorm cannot provide any support for the argument that the discovery being requested is, in fact, burdensome, then there is no basis to quash the Subpoena. The assertion – without evidence – that Plaintiffs themselves possess the documents does not provide a basis for avoiding this third party discovery.

**B. Allstate's Subpoena Provides a Reasonable Amount of Time to Comply**

Contrary to Brainstorm's argument in the Motion to Quash, Rule 45 does specify the length of time to comply with a valid subpoena—produce responsive documents, or serve written

objections before the earlier of the time specified for compliance in the subpoena or 14 days after the subpoena was served.  Fed. R. Civ. P. 45(c)(2).  Further, while Rule 45 does not define or specifically provide for the timing to move to quash or modify a subpoena, "courts have read 'timely' to mean within the time set in the subpoena for compliance."  *Grupo Mexico*, 2015 WL 12916415, at *3 (quoting *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 278 (D.D.C. 2002) (citations omitted), and citing *Estate of Ungar v. Palestinian Authority*, 451 F .Supp. 2d 607, 610 (S.D. N.Y. 2006) ("It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena.")).

Brainstorm was given ample time to respond to the Subpoena – however, if it felt that additional time was necessary, it could have reached out to Allstate's counsel to request an extension of time.  Moreover, while the response to the Subpoena was due on September 16, 2024, an additional 60 days have now passed since that deadline and Brainstorm does not explain in its Motion to Quash why it could not have completed its production by now.  Finally, with regards to the assertions that it would require Brainstorm to review every single post in the forum and every single email between Brainstorm and Newman in order to determine responsiveness, it would be unusual for there to be no method by which Brainstorm could search posts or isolate posts by username in order to streamline the production.  Furthermore, with respect to emails between Brainstorm and Newman, given that the nature of those communications have to do with a forum for turning robocalls into cash, presumably all communications between Brainstorm and Newman would be responsive.  It would not be burdensome to isolate those emails – nor does Brainstorm attempt to quantify the volume of emails in its Motion to Quash in order to assist the Court in evaluating its claim of burden.

**C. The Subpoena Does Not Impose an Undue Burden on Brainstorm, Nor are the Documents Requested in the Subpoena Trade Secrets or Proprietary Commercial Information**

Notably, Brainstorm does not take the position that it is not in possession of responsive documents, only that the Subpoena imposes an undue burden (but without any specific information regarding the anticipated volume of documents, the amount of time it would take to compile responsive documents, or the cost associated with production).  "Where a subpoenaed party asserts undue burden, that party has the burden of proof to demonstrate that compliance with the subpoena would be unreasonable and oppressive." *Am. Fed'n*, 313 F.R.D. at 44 (citing *Wiwa*, 392 F.3d at 818) (cleaned up).  The scope of discovery in response to a subpoena is broad and commensurate with the limits imposed on party discovery Rule 26(b)(1). *Am. Fed'n*, 313 F.R.D. at 44-45 (citing Fed. R. Civ. P. 26(b)(1)) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.").

Even if the Subpoena imposes some burden, it is not undue given that the topics and documents requested are relevant and limited to the parties, claims, and defenses at issue in the underlying action — a lawsuit concerning purported violations of the TCPA premised on alleged unsolicited robocalls and/or telemarketing calls made to Plaintiffs.  Allstate learned that Brainstorm operates the Forum through which its members, including Newman, communicate regarding robocalls and/or telemarketing calls made to cellular devices.  Newman participates in the forum, and, upon information and belief, engages in discussions on the forum, including topics

concerning various methods to monetize robocalls and/or telemarketing calls made by or on behalf of Allstate and other carriers.  Further, and contrary to Brainstorm's argument, the Subpoena is narrowly tailored.  It contains three requests for documents: (1) information relating to the two named Plaintiffs; (2) terms and conditions for the Forum; and (3) copies of manuals distributed by Brainstorm to Forum members, including Newman, that train individuals on "Turning Robocalls Into Cash."

Furthermore, while Brainstorm – which is not a party to the underlying lawsuit – seeks to argue that the documents requested in the Subpoena are not relevant, its attempt to mischaracterize Allstate's position in the underlying lawsuit should be rejected.  Brainstorm incorrectly asserts that "Defendant has put forth no defense to the cause of actions relating to the TCPA and have instead only denied all of Plaintiff Newman's allegations."  *See* Motion to Quash at 10.  However, in its Answer and Affirmative Defenses in the underlying action, Allstate puts forward twelve (12) affirmative defenses, including the defense of unclean hands.  Specifically, to the extent that either Plaintiff intentionally solicited calls, such conduct is directly relevant to Allstate's affirmative defense.  In one of the unauthenticated screenshots from the Forum, Newman states that "[a] VOIP [voice over IP] number is the cheat code" that he uses to get telemarketers to call him at a number other than the one that he has registered on the Do Not Call list.  In response to another Forum member's reply, Newman writes: "Don't forget to burn the number and get a new one every so often."  Ex. C.  Obviously, these are not the statements of a good faith plaintiff trying to avoid receiving unsolicited calls.  Rather, this is an intentional strategy to solicit calls and to "Turn Robocalls Into Cash."  The evidence of this scheme is what Allstate expects to receive in response to the Subpoena, including authenticated versions of the screenshots which already lay bare the evidence supporting Allstate's unclean hands defense.

Moreover, Brainstorm's argument that the Subpoena should be quashed because it requires disclosure of trade secret and proprietary commercial information that members of the Forum are prohibited from sharing is unpersuasive. Such a concern, even if valid, can be addressed by entering into a stipulated protective order governing the exchange of confidential information. Allstate has made a motion in the underlying action for entry of a stipulated protective order and, to the extent that there is information that Brainstorm believes in good faith is confidential, Allstate will work with Brainstorm to maintain confidentiality.

Presumably the concern about confidentiality is with respect to the "Turning Robocalls Into Cash" manual, as opposed to the Forum posts and replies made by Newman. If that is the case, then all non-proprietary information should be produced promptly and Allstate will agree to treat any proprietary information as confidential.

Finally, there is no legitimate reason provided by Brainstorm to shift the cost of compliance for responding to the Subpoena. Given that there is no basis to quash the Subpoena, and no undue burden being imposed by the narrow categories of documents requests, Brainstorm should bear the cost of compliance.

## CONCLUSION

WHEREFORE, Defendant Allstate Insurance Company respectfully requests that the Court enter an order enforcing the Subpoena, requiring production of documents within ten (10) days of the Court's Order, deeming any objections waived as untimely raised, and awarding Allstate its reasonable attorneys' fees and costs incurred as a result of filing this Motion to Compel, pursuant to Rule 37(a)(5), Fed. R. Civ. P.

Dated: November 21, 2024

Respectfully submitted,

**AKERMAN LLP**

*/s/James E. Rogers*
JAMES E. ROGERS
Texas Bar No. 24051265
1300 Post Oak Boulevard
Suite 2300
Houston, TX  77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527
Email: james.rogers@akerman.com
Email: annette.ochoa@akerman.com

*Counsel for Allstate Insurance Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 21, 2024, the foregoing document was filed

with the Court's electronic filing system on the CM/ECF system which will send a notice of

electronic filing to all counsel of record and will also be served via e-mail and U.S. mail, first class,

postage prepaid on:

Lee "Doc" Compton, Registered Agent
BRAINSTORM XX, LLC
PO Box 3366
McKinney, TX 75070
(469)239-3200
Email: support@robocalls.cash

Alexander H. Burke
Daniel J. Marovitch
BURKE LAW OFFICES, LLC
909 Davis Street, Suite 500
Evanston, Illinois 60201
Telephone: (312) 729-5288
Email: dmarovitch@burkelawllc.com
Email: aburke@burkelawllc.com

*/s/James E. Rogers*
JAMES E. ROGERS

14