**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| ROBERT HOSSFELD and WES NEWMAN, individually and on behalf of others similarly situated, | Case No. 4:24-mc-00142 |
| Plaintiffs, | Underlying Litigation: |
| v. | Case No. 1:24-cv-02613 |
| ALLSTATE INSURANCE COMPANY, | United States District Court Northern District of Illinois |
| Defendant. | |

**ALLSTATE INSURANCE COMPANY'S OPPOSED MOTION TO COMPEL NON-PARTY BRAINSTORM XX, LLC D/B/A WWW.ROBOCALLS.CASH TO PRODUCE DOCUMENTS IN RESPONSE TO ALLSTATE'S SUBPOENA *DUCES TECUM***

Allstate Insurance Company ("Allstate"), pursuant to Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure, files this Opposed Motion to Compel Non-Party Brainstorm XX, LLC d/b/a www.robocalls.cash ("Brainstorm") to Produce Documents in Response to Allstate's Subpoena *Duces Tecum*.

On or about April 1, 2024, Robert Hossfeld ("Hossfeld") and Wes Newman ("Newman" and together with Hossfeld, "Plaintiffs"), filed a Class Action Complaint ("Complaint") in the United States District Court for the Northern District of Illinois, in an action styled *Robert Hossfeld and Wes Newman, individually and on behalf of others similarly situated v. Allstate Insurance Company*, Case No. 1:24-cv-02613 (N.D. Ill.) (the "underlying action"). The Complaint alleges that Allstate violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), by purportedly failing to institute a proper do-not-call policy and for placing unsolicited calls to individuals, including Plaintiffs, who were on Allstate's internal do-not-call list ("DNC

list").  Plaintiffs seek the certification of a class of allegedly similarly situated individuals.  Compl. at ¶ 122.

During the course of discovery in the underlying action, Allstate learned that Brainstorm maintains, operates, or is affiliated with a certain forum, www.robocalls.cash/members-forum (hereinafter, the "Forum"), that is comprised of a members-only group, through which its members communicate regarding robocalls and/or telemarketing made to cellular devices.  Upon information and belief, Newman participates in the Forum by posting and responding to messages published by other member users, and engages in communications on matters that are at issue in this litigation—unsolicited telemarketing calls made using artificial or prerecorded voices, to individuals on a DNC list without their express written consent, for purposes of selling insurance policies.  Given the nature and relevance of communications on the Forum platform, Allstate issued a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") on Brainstorm, which was served on its registered agent, Lee "Doc" Compton ("Registered Agent") on August 23, 2024.  The Subpoena included a schedule identifying categories of documents that were to be produced on or before September 16, 2024.  On September 16, 2024, Brainstorm, through its Registered Agent, served a Motion to Quash Allstate's Subpoena.  The Motion to Quash was not filed with this Court, where compliance with the Subpoena is required, or in the underlying action.  In fact, the Motion to Quash was not filed at all, only served.  The law governing Rule 45 subpoenas provides that, once a non-party is properly served with a valid subpoena, it must either comply with the subpoena, serve written objections specifying the grounds for each objection, or timely file a motion to quash or modify the subpoena. *See In re Ex Parte Application of Grupo Mexico SAB de CV for an Order to Obtain Discovery for Use in a Foreign Proceeding*, No. 3:14-mc-73-G, 2015 WL 12916415, at *3 (N.D.

2

Tex. Mar. 10, 2015) ("[i]n the majority of cases, a person—whether a traditional party (i.e., a plaintiff or defendant) or a non-party—waives objections if he/she/it fails either to serve timely objections on the party seeking discovery or to file a timely motion with the court.").

Here, Brainstorm failed to timely respond or serve written objections to Allstate's Subpoena and failed to timely file a motion.  Furthermore, even if the Court were to consider the merits of Brainstorm's Motion to Quash, the Motion should be denied.  Accordingly, Allstate seeks an order from the Court enforcing the Subpoena, requiring production of documents within ten (10) days of the Court's Order, deeming any objections waived as untimely raised, and awarding Allstate its reasonable attorneys' fees and costs incurred as a result of filing this Motion to Compel, pursuant to Rule 37(a)(5), Fed. R. Civ. P.

A memorandum of law in support of this Motion to Compel is filed contemporaneously herewith, along with a copy of Allstate's Subpoena and Brainstorm's Motion to Quash, attached as Exhibits A and B, respectively, to the Memorandum accompanying this Motion.

Dated: November 22, 2024                Respectfully submitted,

                                        **AKERMAN LLP**

                                        */s/James E. Rogers*
                                        JAMES E. ROGERS
                                        Texas Bar No. 24051265
                                        1300 Post Oak Boulevard
                                        Suite 2300
                                        Houston, TX  77056
                                        Telephone: (713) 623-0887
                                        Facsimile: (713) 960-1527
                                        Email: james.rogers@akerman.com
                                        Email: annette.ochoa@akerman.com

                                        *Counsel for Allstate Insurance Company*

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that on November 22, 2024, the foregoing document was filed with the Court's electronic filing system on the CM/ECF system which will send a notice of electronic filing to all counsel of record and will also be served via e-mail and U.S. mail, first class, postage prepaid on:

> Lee "Doc" Compton, Registered Agent
> BRAINSTORM XX, LLC
> PO Box 3366
> McKinney, TX 75070
> (469)239-3200
> Email: support@robocalls.cash
>
> Alexander H. Burke
> Daniel J. Marovitch
> BURKE LAW OFFICES, LLC
> 909 Davis Street, Suite 500
> Evanston, Illinois 60201
> Telephone: (312) 729-5288
> Email: dmarovitch@burkelawllc.com
> Email: aburke@burkelawllc.com

*/s/James E. Rogers*
JAMES E. ROGERS

**CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE CV-7(h)**

On August 26, 2024, the undersigned counsel for Allstate's partner Mr. Ryan Roman who is principally handling this matter, conferred by telephone with Lee "Doc" Compton regarding the relief sought in Brainstorm's served, but not filed, Motion to Quash Allstate's Subpoena. During that call, the parties discussed, among many things, the basis for Brainstorm's objections to compliance with the Subpoena, and in response, Allstate's position as to why compliance is required given the relevance and admissibility of the documents sought by the Subpoena, the support for which is set forth in this Motion.

While Allstate and Brainstorm have conferred regarding the substance underlying this Motion, out of an abundance of caution Allstate also made numerous good-faith attempts to meet and confer as required by Local Rule CV-7(h) prior to filing this Motion.  Specifically, on the following dates, David Awoleke, another attorney handling this matter with Mr. Roman, sent e-mail correspondence to Mr. Compton attempting to coordinate a time to confer by telephone on the issues raised in this Motion:

- November 15, 2024 (two emails);

- November 18, 2024; and

- November 20, 2024.

However, each attempt was to no avail.  Ultimately, given the earlier conferral on the substance of underlying the Motion, as well as the unsuccessful attempts to confer on the Motion, no agreement could be reached on this "Opposed" Motion.

*/s/James E. Rogers*
JAMES E. ROGERS