# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT HOSSFELD and WES NEWMAN, individually and on behalf of others similarly situated, | § § § § | |
| *Plaintiffs,* | § § | Case No. 4:24-mc-142 |
| v. | § § | Judge Mazzant |
| ALLSTATE INSURANCE COMPANY, | § § § | |
| *Defendant.* | § | |

### **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Allstate Insurance Company's Opposed Motion to Compel Non-Party Brainstorm CC, LLC d/b/a www.robocalls.cash to Produce Documents in Response to Allstate's Subpoena *Duces Tecum* (Dkt. #2). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **GRANTED**.

### BACKGROUND

This is a discovery dispute arising out of ongoing litigation in the United States District Court for the Northern District of Illinois. At issue is a subpoena *duces tecum* issued by Allstate Insurance Company ("Allstate") and served upon non-party Brainstorm XX, LLC d/b/a www.robocalls.cash ("Brainstorm"). Because Brainstorm is outside of subpoena range for the Northern District of Illinois, Allstate moves the Court to compel Brainstorm's production of documents responsive to its subpoena *duces tecum* under Federal Rule of Civil Procedure 45(d)(2)(B)(i).

This litigation revolves around robocalls. Robert Hossfeld and Wes Newman (collectively, "Plaintiffs") allege that Allstate violated the Telephone Consumer Protection Act, 47 U.S.C.

1

§ 227, *et seq.* (the "TCPA") by failing to institute and adhere to a proper do-not-call policy and for placing unsolicited calls to Plaintiffs who were—or at least should have been—on Allstate's internal do-not-call list ("DNC list") (Dkt. #2). Throughout the course of discovery, Allstate learned that Newman routinely participates in an online members-only forum, www.robocalls.cash/members-forum (the "Forum") that Brainstorm maintains and operates (Dkt. #2). The Forum allows its members to communicate about robocalls and telemarketing calls made to cellular devices (Dkt. #2). According to Allstate, Newman's participation in the Forum involves communications that are central to this litigation—"unsolicited telemarketing calls made using artificial or prerecorded voices, to individuals on a DNC list without their express written consent, for purposes of selling insurance policies" (Dkt. #2). Accordingly, Allstate seeks production of documents reflecting Newman's and Hossfeld's involvement in the Forum, including their posts, replies, and reposts (Dkt. #2; Dkt. #1-1).

The United States District Court for the Northern District of Illinois issued Allstate's subpoena on Brainstorm (Dkt. #1-1 at p. 6). The subpoena specified that Brainstorm must comply by September 16, 2024 (Dkt. #2 at p. 2). That day, Brainstorm served Allstate with a motion to quash its subpoena (Dkt. #2 at p. 2). According to Allstate, that motion was only served but never filed in the Northern District of Illinois or this Court (Dkt. #2 at p. 2). Indeed, Brainstorm never filed a motion to quash with this Court. It did, however, file a Response to Allstate's Motion to Compel (Dkt. #6). Though not styled as such, Brainstorm's Response purports to move to quash Allstate's subpoena (*See* Dkt. #6). Allstate filed a Reply in Support of its Motion to Compel in which it opposes Brainstorm's apparent motion to quash because Brainstorm did not demonstrate how Allstate's subpoena is burdensome such that the Court should quash it (Dkt. #7).

## LEGAL STANDARD

Matters relating to the enforcement of a subpoena are to be directed to the court "for the district where compliance is required." FED. R. CIV. P. 45(d). Those matters include "the duty to address objections to a subpoena when the serving party moves the court for an order compelling production or inspection of documents." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 11117083, at *1 (E.D. Tex. Mar. 27, 2015) (citing FED. R. CIV. P. 45(d)(2)(B)(i)). "While it is true that Rule 45(f) permits the court in the district where compliance is required to transfer a subpoena-related motion to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances, the motion must be filed in the first instance with the court in the district where compliance is required." *Id.*

Additionally, when addressing objections and ordering compliance, courts "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." FED. R. CIV. P. 45(d)(2)(B)(ii). Indeed, courts may, on timely motion, quash a subpoena if it "(1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817–18 (5th Cir. 2004) (citing FED. R. CIV. P. 45(3)(A)(i)–(iv)).

When determining whether the subpoena presents an undue burden, courts consider the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.* (citing *Williams v. City of Dall.*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Further,

courts "may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Id.* (citing *Williams*, 178 F.R.D. at 109). "Courts have found that a subpoena for documents from a non-party is facially overbroad where the subpoena's document requests 'seek all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date'; '[t]he requests are not particularized'; and '[t]he period covered by the requests is unlimited.'" *Am. Fed'n of Musicians of the U.S. & Can. v. Skodam Films, LLC*, 313 F.R.D. 39, 45 (N.D. Tex. 2015) (citing *Wiwa*, 392 F.3d at 818; *In re O'Hare*, Misc. A. No. H-11-0539, 2012 WL 1377891, at *2 (S.D. Tex. Apr. 19, 2012); *Turnbow v. Life Partners, Inc.*, No. 3:11-cv-1030-M, 2013 WL 1632794, at *1 (N.D. Tex. Apr. 16, 2013)).

## ANALYSIS

Allstate moves the Court to compel Brainstorm to produce documents responsive to its subpoena *duces tecum* (Dkt. #2). Brainstorm opposes production and filed a Response on January 1, 2025, attempting to quash the subpoena (Dkt. #6). Brainstorm urges the Court to quash Allstate's subpoena for four reasons. First, it alleges that Allstate can obtain the responsive documents it seeks from Newman directly (Dkt. #6 at pp. 8–9). Second, it contends that Allstate's subpoena is overly broad and unduly burdensome (Dkt. #6 at pp. 9–12). Third, it argues that Allstate did not allow a reasonable time for Brainstorm to comply with the subpoena (Dkt. #6 at pp. 12–13). Fourth and finally, it asserts that the subpoena improperly requires disclosure of trade secrets and proprietary commercial information (Dkt. #6 at pp. 13–15). Though Brainstorm did not correctly style its Response as a motion to quash, the Court will briefly address each of its arguments. In short, none are availing.

The Court begins with Brainstorm's assertion that because Newman possesses the documents responsive to Allstate's subpoena, Brainstorm, as a non-party, should not have to comply with it. The Court is unpersuaded. As the Western District has observed, "[n]o party is allowed to withhold production of responsive material simply because it believes another party will produce the same material." *Hunt Constr. Group, Inc. v. Cobb Mech. Contractors, Inc.*, No. A-17-CV-215-LY, 2018 WL 5311380, at *6 (W.D. Tex. Oct. 25, 2018). Of course, Brainstorm's entire argument is that it is *not* a party, so it need not comply to the same extent as Newman, who also possesses the same documents. But because "[t]he scope of discovery is the same under both Federal Rules of Civil Procedure 45 and 26," Brainstorm's status as a non-party will not relieve it of its obligations under the Federal Rules. *MetroPCS v. Thomas*, 327 F.R.D. 600, 610 (N.D. Tex. 2018) (cleaned up). That there may be overlap between the documents in Brainstorm's and Newman's possession, custody, and control is insufficient to warrant quashing Allstate's subpoena. Brainstorm's first argument fails.

Brainstorm's second argument—that Allstate's subpoena is overly broad and unduly burdensome—fares no better. First, the documents in Brainstorm's possession are highly relevant to Allstate's unclean hands defense (*See* Dkt. #7 at p. 3). As Allstate explains, at the heart of this dispute are alleged TCPA violations by Allstate for making robocalls and telemarketing calls to individuals on its DNC list (*See* Dkt. #1; Dkt. #2). Allstate contends that, armed with information that he learned on the Brainstorm Forum, Newman actually *solicited* the calls of which he complains in an attempt to "manufacture alleged TCPA violations and seek to recover additional damages" (Dkt. #7 at p. 3). Thus, Allstate's subpoena requests documents relevant to one of its affirmative defenses: unclean hands. Second, Allstate needs the documents it requests. As the

Court noted above, Newman's potential possession of duplicative responsive documents does not defeat the fact that Brainstorm possesses the same—in fact, likely even more—responsive documents than Newman would. Indeed, as Allstate observes, Brainstorm's records related to Plaintiffs, their communications, the Forum, and archived posts are likely far more voluminous than those that Plaintiffs may possess (Dkt. #7 at p. 3). Third, the breadth of Allstate's subpoena—in time, scope, and particularity—are sufficiently tailored to avoid imposing any undue burden on Brainstorm. Allstate's subpoena requests, among other things, communications, posts, replies, username information and membership details, and references to specific telephone numbers over a five-year span (Dkt. #1-1 at pp. 9–10). Brainstorm's vague and conclusory objections that the subpoena requests "are overly broad with too wide a breadth" do nothing to persuade the Court (Dkt. #6 at p. 11). Finally, Brainstorm's assertions that it "will suffer great time and expense in parsing through all related information and documents to comply with the Subpoena" do very little to convince the Court that Allstate's subpoena will impose a great burden on Brainstorm (Dkt. #6 at p. 12). After all, "[a] party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." *See Vine v. PLS Fin. Servs., Inc.*, No. 4:18-cv-00450, 2020 WL 408983, at *4 (E.D. Tex. Jan. 24, 2020) (internal citations omitted). Brainstorm has not even attempted to do so here.

Next, Brainstorm challenges the time for compliance that the Allstate subpoena provides. To Brainstorm, twenty-five calendar days is an unreasonable amount of time to produce documents spanning "nearly half a decade" (Dkt. #6 at p. 12). Again, Brainstorm makes a bare assertion of unreasonableness without suggesting a time frame that *would* have been reasonable considering the breadth of Allstate's subpoena (*See* Dkt. #6 at p. 12). That will not do. In any event,

courts throughout this Circuit have routinely held that fourteen days is a reasonable time period to respond to a subpoena. *See, e.g.*, *Ramirez v. Abreo*, No. 5:09-CV-189-C, 2010 WL 11565408, at *2 (N.D. Tex. Mar. 1, 2010) (observing that because "Rule 45 contemplates production of materials in periods less than 14 days . . . . [A] period less than 14 days is not per se unreasonable . . . ."); *Freeport McMoran Sulpher, LLC v. Mike Mullen Energy Equip. Res., Inc.*, No. CIV.A.03-1496, 2004 WL 595236, at *9 (E.D. La. Mar. 23, 2004) ("On its face, the 14-day time period cannot be held to be unreasonable."); *D&S Marine Transp., LLC v. S&K Marine, LLC*, No. CV 14-2048, 2016 WL 11687913, at *2 (E.D. La. May 4, 2016) ("It is settled that any timeframe to respond to a subpoena that is *less than* fourteen (14) days is unreasonable.") (emphasis added). Allstate's requested compliance time is nearly double that. The time for compliance in Allstate's subpoena is reasonable under these circumstances.

  The Court next turns to Brainstorm's argument that the Allstate subpoena requires disclosure of trade secrets and proprietary commercial information (Dkt. #6 at pp. 13–15). In Brainstorm's view, Allstate is a "competitor" seeking access to confidential information housed behind a paywall that is protected by a registered copyright and Terms of Service Contract (Dkt. #6 at pp. 13–15). So, the argument goes, "unrestricted access to these documents would destroy non-party Brainstorm's entire business model" (Dkt. #6 at pp. 13–15). How exactly Allstate, a major nationwide insurance corporation, competes in any capacity whatsoever with Brainstorm, the operator of an online robocall forum, remains a mystery. Regardless, however, Brainstorm's conclusory arguments do not pass muster. As Allstate observes, Brainstorm does not purport to identify any responsive documents with trade secrets or proprietary information (*See* Dkt. #6). That is, except for a general concern that Allstate will "peak behind the curtain" of Brainstorm's

7

paywall (Dkt. #6 at p. 13). And while "Rule 45(d)(3)(B) protects businesses from a subpoena seeking 'commercial information,'" Brainstorm "has not demonstrated how the requested information requires protection." *Cunningham v. Concentrix Sols. Corp.*, No. 4:20-CV-661, 2021 WL 982717, at *4 (E.D. Tex. Mar. 16, 2021). Further, to the extent that Brainstorm resists production in order to maintain the confidentiality of its members' names or other sensitive information, Allstate insists that it will work with Brainstorm to ensure that any such information is shielded by the protective order it sought in the underlying action in the Northern District of Illinois. *See Field v. Anadarko Petroleum Corp.*, No. 4:20-CV-00575, 2020 WL 4937122, at *2 (S.D. Tex. Aug. 24, 2020) (quoting *Bounds v. Capital Area Family Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016) ("[A] party has standing to move for a protective order pursuant to Rule 26(c) . . . even if the party does not have standing pursuant to Rule 45(d)."); *Kilmon v. Saulsbury Indus., Inc.*, No. MO:17-CV-99, 2018 WL 5800759, at *4 (W.D. Tex. Feb. 13, 2018) ("A motion for a protective order may be made by any party and such party may seek a Rule 26(c) protective order if it believes its own interest is jeopardized by discovery sought from a third person."); *In re Actos (Pioglitazone-Products Liab. Litig.)*, No. 6-11-MD-2299, 2012 WL 3899669, at *6 (W.D. La. July 30, 2012) (protective order providing that "any non-party who is producing discovery materials in this litigation may subscribe to and obtain the benefits of the terms and protections of this Order"); *Aspen Tech., Inc. v. Kunt*, No. 4:10-CV-01127, 2010 WL 11575498, at *6 (S.D. Tex. Oct. 14, 2010) (protective order providing that "[a]ny non-party from whom discovery is sought in this Litigation may obtain the protection of this Protective Order").

In sum, Brainstorm, as the non-party attempting to quash Allstate's subpoena, had the burden to demonstrate "that compliance with the subpoena would be unreasonable and

oppressive." *Wiwa*, 392 F.3d at 818 (internal quotations omitted). Brainstorm has not carried that burden. Accordingly, the Court compels Brainstorm to produce documents responsive to Allstate's subpoena.

Finally, Brainstorm's request for fees under Rule 45(d)(1) is denied. Rule 45(d)(1) requires a court to impose appropriate sanctions when a party responsible for issuing the subpoena fails to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1). Brainstorm has not demonstrated how Allstate failed to discharge that duty. Accordingly, the imposition of sanctions under Rule 45(d)(1) is not warranted.

## CONCLUSION

It is therefore **ORDERED** that Allstate Insurance Company's Opposed Motion to Compel Non-Party Brainstorm CC, LLC d/b/a www.robocalls.cash to Produce Documents in Response to Allstate's Subpoena *Duces Tecum* (Dkt. #2) is hereby **GRANTED**.

It is further **ORDERED** that Allstate must serve a copy of this Order on Brainstorm.

It is further **ORDERED** that Brainstorm CC, LLC d/b/a www.robocalls.cash has **14 days** from the date of this Order to comply with the subpoena.

**SIGNED this 12th day of August, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE